DIXON, Justice
(dissenting).
Both parties to this suit have urged the court to decide the issues presented. Al *1080 though the majority opinion conforms to the jurisprudence as it legally avoids deciding the case, there seems to be neither statutory prohibition nor compelling reason against our deciding the issues, which are still alive and which have been fully briefed and argued.
By perpetuating the jurisprudence which sidesteps a decision, we merely require these litigants to file another suit in the same court and present the same issues in order to settle the dispute that exists between them.
Louisiana long since abandoned the notion that courts could not advise litigants. Although “advisory opinions” will always be hard to get, a “declaratory judgment” is not. C.C.P. 1872. If these litigants had only thought to couple a demand for a declaratory judgment with the suit for injunction, we could not have avoided deciding the issues.
Since we do have a declaratory judgments statute, and since appellate courts are now urged to make any judgment which is “just, legal and proper” upon the rqcord on appeal (C.C.P. 2164), and since both parties desire an adjudication of the single legal issue presented, we ought not to delay a decision until the parties have trudged once more the weary path from the trial court to the Court of Appeal and back to us.